## WM. M. COLLINS et al., Appellants, v. ILLINOIS CENTRAL RAILWAY COMPANY, Respondent.

### St. Louis Court of Appeals, April 15, 1902.

**Conversion: EVIDENCE: CAUSE OF ACTION: BAILEE.** A party can not make out a case of conversion by showing he turned over property to a bailee for a certain purpose; he must go further and show the purpose was not carried out.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*F. E. Burrough* and *R. H. Whitelaw* for appellants.

(1) Where common carrier delivers goods to wrong party it is guilty of conversion. Wolf v. Railroad, 97 Mo. 473; Cole v. Railroad, 21 Mo. App. 443. (2) Carrier insures delivery of goods to consignee, hence when it delivers

goods to wrong person it is guilty of conversion and is liable. Thomas on Common Carriers, p. 181; Story on Bailments, sec. 245; McEtee v. Steamboat Co., 45 N. J. 34; Schen v. Railway, 10 Hun 498.    (3)    Even will not relieve a carrier for loss of goods; when money was delivered to wrong person on fraudulent representations, the express company was held liable.    Thomas on Carriers, p. 183; Schearer v. Exp. Co., 43 Ill. App. 64.    (4)    A wrongdoer can not, as a defense, show title in another.    Craig v. Mason, 64 Mo. App. 342. (5)    When actual conversion is shown, no demand is necessary.    Hines v. McKenna, 3 Mo. 382; Bank v. Metcalf, 40 Mo. App. 494; Wimberly v. Pitner, 66 Mo. App. 633.

*R. B. Oliver* for respondent; *W. W. Barr* of counsel.

(1)    The petition does not allege ownership of the goods, nor does it allege the right of possession to them.    This being so, it is no concern of these plaintiffs whether the goods were delivered to Van Frank or not.    They had no interest in the goods and can not therefore maintain this suit.    Parker v. Rodes, 79 Mo. 88; Johnson-Brinkman Co. v. Bank, 116 Mo. 567; Bank v. Tiger Tail Mill & Land Co., 152 Mo. 145.    (2) Whatever may have once been the law in this State, it is now well settled that in an action of this kind against a common carrier, the plaintiff must allege and prove that he made a demand for the goods from the common carrier, and that the demand was refused.    This is a condition precedent to the plaintiffs' recovery. Cole v. Railway, 21 Mo. App. 450; Nanson v. Jacob, 93 Mo. 340.    (3)    If further reason and authority were needed to support the action of the learned trial judge in this cause, in the giving of the peremptory instruction, respondent need only cite questions put to McGowan, with his respective answers thereto, to demonstrate the fact that plaintiffs' sale to Van Frank was absolute; and that they had no interest whatever in the delivery or non-delivery of

the goods to Van Frank, and that they had in fact elected to and was suing the vendee, Van Frank, for the identical goods they now seek to recover from respondent. This they can not do. Bank v. Beale, 34 N. Y. 473; Kennedy v. Tharp, 51 N. Y. 176; Rodermand v. Clark, 46 N. Y. —.

GOODE, J.—Plaintiffs in this case are a firm doing business in Louisville, Kentucky, and the petition states that on two dates in August, 1899, they delivered to the defendant company at that place certain cases of whiskey and other spirituous liquors which they had theretofore sold to P. R. Van Frank, who was engaged in business in Cape Girardeau, Missouri, to be transported to the point last named and there delivered to Van Frank; that the defendant company did transport said property to Cape Girardeau, but instead of delivering the same to Van Frank converted it to its own use to the damage of plaintiffs in the sum of five hundred and eleven dollars, together with interest from the date of the conversion.

The answer was a general denial.

This case must fail because the record is absolutely barren of testimony or evidence of any kind tending to prove the liquors were not delivered to Van Frank in accordance with the terms of the bills of lading.

The only evidence introduced at the trial was the deposition of Graeme McGowan, one of the plaintiffs, who testified to the sales by their commercial traveler, Sugg, of the goods in question to Van Frank, the delivery of them to the Illinois Central Railway Company for shipment, the payment of ten dollars on account by Van Frank to the traveling salesman and his refusal to pay the balance. To the deposition are attached the order written by Sugg and sent in to his house and also the railway company's bills of lading, which are in the usual form and bound the company to transport the goods in question to the consignee P. R. Van Frank at Cape Girardeau.

The only gleam of evidence which throws any light on

the conversion of the property by the defendant or its failure to deliver it to the consignee, is the following question and answer contained in said deposition:

"Q. Did P. R. Van Frank ever make complaint to you about the delivery of the whiskey for which you have sued the Illinois Central Railway—that it was delivered to Dunlop? A. Not to us."

It further appears by the testimony of McGowan that the plaintiffs have a suit pending against Van Frank now for the purchase price of the very merchandise alleged to have been converted by the railroad company as the basis of the present action.

At the conclusion of the testimony the circuit court gave a peremptory instruction to the jury to return a verdict in favor of the defendant, which was done, and an appeal taken to this court.

The appellant's statement says that when the goods arrived at Cape Girardeau, the defendant delivered them to another party who was wholly irresponsible, without notifying Van Frank. If that were proven, it would make a case of conversion; but there is not a syllable of proof that it was done; and for aught the record discloses, the goods were delivered to the proper consignee; at least that is the legal presumption in the absence of evidence to the contrary. A party can not make out a case of conversion by showing he turned over property to a bailee for a certain purpose; he must go further and show the purpose was not carried out. The court very properly nonsuited the plaintiffs on the testimony adduced and the judgment is affirmed. All concur.